# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**QUADRELL D. BLEDSOE**                                                 **PLAINTIFF**

**v.**                                **No. 3:25-cv-66-DPM**

**EDWARD C. REYES and EUTAW**
**CONSTRUCTION COMPANY, INC.**                          **DEFENDANTS**

## ORDER

Pursuant to Fed. R. Civ. P. 26(c), here is the Protective Order.

1.     As required by Fed. R. Civ. P. 26(c), each party shall produce and/or authorize third parties to disclose relevant documents pursuant to the opposing party's discovery requests to their respective Counsel. Any documents or information obtained from third parties pursuant to any authorization executed by a party must be disclosed to all counsel in this action upon receipt.

2.     "Confidential Information" means any document, electronically stored information (ESI), video, audio recording, photograph, tangible thing, testimony, or portion thereof that a producing party in good faith designates as confidential because it contains:

a. Proprietary or non-public business information, including internal operating procedures, internal communications, financial

information, or other commercially sensitive materials not publicly available;

**b.** Internal safety policies, manuals, training materials, curricula, instructional content, or risk management materials that are not publicly disseminated;

**c.** Internal incident reports, accident investigations, root-cause analyses, claims evaluations, insurer communications, or other documents prepared in connection with the subject accident or similar incidents, to the extent such materials are discoverable;

**d.** Contracts, subcontracts, vendor agreements, insurance policies, indemnity agreements, or other commercial agreements containing non-public terms;

**e.** Personnel files, employment records, disciplinary records, compensation information, drug and alcohol testing records, driver qualification files, or other employment-related information concerning current or former employees;

**f.** Medical information, personal identifying information (including dates of birth, Social Security numbers, driver's license numbers, home addresses, personal phone numbers, or financial account information), or other information implicating legitimate privacy interests;

**g.** Information the disclosure of which could reasonably create security, safety, competitive, or privacy concerns for the producing party or third parties.

3.    No Party or nonparty may designate material as "CONFIDENTIAL" unless counsel for the producing party believes in good faith that the designated material is entitled to protection under Federal Rule of Civil Procedure 26(c) and requires the additional protection afforded by this Order.

4.    Confidential Information produced by either party pursuant to this Protective Order shall be marked Confidential.  Any documents or information obtained from third parties pursuant to any authorization executed by a party shall be marked Confidential upon receipt and be subject to this Protective Order.  This Protective Order limits the use of all information and such records produced pursuant to this Protective Order to this litigation only.

5.    Confidential Treatment.  Confidential Information shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided below.

6.    Confidential Information shall be disclosed only to the following persons ("Qualified Persons"):

**a.** Counsel of record in this action for the Party or Parties;

**b.** Employees of such counsel (including experts and investigators) assigned to and necessary to assist such counsel in the preparation and trial of this action;

**c.** Insurance companies and assigned adjusters employed by insurance companies represented by Counsel of record or providing insurance coverage for Parties in this action;

**d.** Any mediator and/or mediator's staff or arbitrator and/or arbitrator's staff retained in this matter; and

**e.** The Court, including the presiding Judge, an empaneled Jury, and assigned Courtroom staff, to include bailiff, division clerk, Court Reporter, videographer, and the Clerk of Court, present at trial, hearings, arguments, or depositions in this matter.

Confidential Information shall be used solely for the preparation and trial of this litigation only—including appeals and retrials—and shall not be used for any other purpose, including business, governmental, commercial, or administrative or judicial proceedings.

7.    As related to "confidential medical records," the following provisions shall apply:

For this purpose, "confidential" medical records are non-public medical records created by health care providers, in which the Plaintiff has a reasonable expectation of privacy. All confidential medical records shall be maintained in a secure manner that complies with

applicable privacy laws and regulations and destroyed at the conclusion of this litigation, except as follows:

**a.** Confidential medical records retained by defense counsel shall be destroyed in accordance with defense counsel's regular business practices for destruction of client files unless a hold order from another court requires a longer retention period.

**b.** Confidential medical records retained by the liability carrier(s) for the Defendants shall be destroyed at the earliest date that permits the insurance carriers to comply with its retention obligations under applicable insurance regulations, including antifraud regulations; any evidentiary hold orders in connection with other litigation; statutory requirements, including applicable statutes of limitations; and the insurance carrier's regular business practices for destruction of documents.

**c.** While Plaintiff's confidential medical records are maintained by defense counsel or Defendant's liability carrier, expert witnesses, or insurance representatives, as set forth in (a) and (b) above, such records shall not be disclosed to any third parties unless such disclosure is permitted by Plaintiffs' written authorization, subpoena, court order, insurance regulation, or statute.

**8.** The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or

thing, or any verbatim transcript, in whole or in part, of such document or thing.

9.    To the extent that Confidential Information is used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Confidential Information.  Parties and deponents, may, within forty-five days after receiving the deposition transcript from the court reporter, designate pages of the transcript (and exhibits thereto) as confidential by underlining or otherwise designating the portions of the pages that are confidential.  The parties and the court reporter shall thereafter mark such pages in all copies of the transcript with the following legend, "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

10.    Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all Confidential Information designated as such under this Order shall remain "Confidential" and shall not be disclosed by them, except pursuant to the terms of this Protective Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

11.    Inadvertent or unintentional production of Confidential Information shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

12.    The party or parties receiving Confidential Information shall not under any circumstances disclose, sell, offer for sale, advertise, or publicize such documents or any information contained therein.

13.    This Order shall remain in effect for one year after this case ends, including any appeal.  Thereafter, the obligations imposed shall continue, but shall be solely a matter of contract between the parties and signatories.

14.    This Protective Order shall be binding upon the parties and their attorneys, insurance companies, adjusters, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

15.    Designation of a document as Confidential Information does not, standing alone, justify filing the document under seal.  Instead, the parties must comply with Fed. R. Civ. P. 5.2's mandate for redaction. If redaction is impracticable, a party must move for permission to file any information designated as Confidential Information and any related motion, brief, or paper containing that material under seal. The moving party must justify sealing with specifics and solid reasons,

–7–

document-by-document, including an explanation about why redaction cannot be done.

16. Counsel must confer in good faith in person before bringing any dispute arising under this Protective Order to the Court. A party or any other person objecting shall provide written notice of the dispute to the appropriate party or parties, specifying the materials that are the subject of the dispute. Within thirty days after this objection, the parties and any other objecting person(s) shall confer in good faith, and in person, to resolve the dispute. If the parties reach an impasse, they must file a joint report explaining the disagreement. The parties will file this paper under the CM/ECF event called "Joint Report of Discovery Dispute." The joint report must not exceed ten pages, excluding the style and signature block. Each side gets five pages. The joint report must be filed sufficiently before the trial cutoff so that the dispute can be resolved without undermining pretrial deadlines. The parties will alert the law clerk on the case to the joint report's filing. The parties will not proceed on the disputed issue until the Court issues a ruling or schedules a hearing.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

_20 March 2026_